UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 17-cv-01104-JLB |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO STAY** |
| v. | |
| GREGORY E. GRANTHAM, et al., | |
| Defendants. | **[ECF No. 54]** |

Before the Court is the parties' Joint Motion to Stay in Light of Settlement Agreement. (ECF No. 54.) For the reasons stated below, the Court **GRANTS in part and DENIES in part** the parties' Joint Motion.

In this federal income tax dispute, the United States brought suit against Defendants Gregory Grantham, Silvia Alvarado, and the Pacific Forster Irrevocable Trust for outstanding tax liabilities. (ECF No. 1.) On April 13, 2018, the parties filed a Joint Motion to Approve Stipulation between the United States and Defendants. (ECF No. 53.) This motion indicated that the parties had reached a settlement agreement and requested the Court enter the parties' attached stipulation ("Stipulation"). (*Id*.) The Stipulation provided that Defendants would satisfy their agreed upon liabilities for the tax years of 1998-2002 and 2004. (ECF No. 53-1.) In the event that Defendants failed to satisfy these liabilities, the United States would be entitled to seek foreclosure of Defendants' property to satisfy

the outstanding liabilities. (*Id*.) The United States agreed, however, that it would not move for entry of judgment or for an order of sale before March 26, 2019 to provide Defendants with a year to satisfy their liabilities. (*Id*.) The parties also filed a notice of consent to jurisdiction by magistrate judge. (ECF No. 55.) On April 16, 2018, the Honorable Larry Alan Burns granted the parties' motions for entry of the Stipulation and consent to magistrate judge jurisdiction, and referred the instant Motion to the undersigned. (ECF No. 56.)

In the instant Motion, the parties request a one-year stay of this action in order to allow Defendants until March 26, 2019 to satisfy their liabilities in full. (ECF No. 54-1 at 2.) Thus, the parties represent, if Defendants pay the liabilities as contemplated by the Stipulation before that date, the United States would not foreclose on Defendants' property. (*Id*. at 4.) The parties further represent that there is little risk of extended litigation after the stay terminates because in the event that Defendants fail to satisfy their liabilities under the Stipulation by March 26, 2019, the United States may take prompt action to foreclose on the property. (*Id*. at 6.)

Courts have the discretionary power to stay proceedings. *Ali v Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, "the competing interests [that] will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

Here, a one-year stay is not warranted. There is little to no damage that may result from granting the requested stay because the parties have reached a settlement agreement and jointly seek a stay. The parties fail to establish, however, that they will suffer hardship

or inequity in being required to go forward without a one year stay. The parties represent that a stay would save the parties resources because, if the case were to go forward on the merits, it would require extensive discovery. (ECF No. 54-1 at 5.) This argument carries little weight as the parties' settlement agreement, entered by Judge Burns, resolves the merits of this case. (*See* ECF Nos. 53, 55.) Further, the parties reassure the Court that "there is little risk of extended litigation after the stay terminates, because the taxpayers have agreed to the liabilities and have further agreed that if they do not pay in full, the United States may take prompt action to foreclose on the property in Trust." (ECF No. 54-1 at 6.) The parties contemplate that the remaining litigation on the horizon, then, is limited to enforcement of the Stipulation and the potential foreclosure of Defendants' property. Lastly, the Court has an interest in managing judicial resources by preventing inactive cases from remaining indefinitely on its docket. The Court finds, however, that a shorter stay of three months is warranted in the interest of potentially simplifying, or eliminating, the outstanding issues in this case. Accordingly, the parties' Motion is **GRANTED in part and DENIED in part** as follows: This action is hereby stayed until **August 31, 2018**. The Court hereby **SETS** a telephonic Status Conference for **August 16, 2018** at **2:00 PM**. For purposes of the Conference, the parties and counsel shall place a joint call to Judge Burkhardt's chambers with all participants already on the line.

    **IT IS SO ORDERED.**

Dated: June 1, 2018

Hon. Jill L. Burkhardt
United States Magistrate Judge

3